IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN WILLIAM FISHBACK,<br>      Plaintiff | * |
| v. | *<br>CIVIL ACTION NO. JFM-12-927 |
| STATE OF MARYLAND,<br>CIRCUIT COURT FOR BALTIMROE CITY<br>MARYLAND COURT OF SPECIAL APPEALS,<br>CITY OF BALTIMORE,<br>DANIEL GINSBURG,<br>ARTHUR M. FRANK,<br>BENNETT & BAIR,<br>ALLEN L. SCHWAIT,<br>TWILLA DRIGGINS,<br>PATRICIA C. JESSEMY,<br>EMANUEL BROWN,<br>FRANK M. CONAWAY,<br>GARY BAIR,<br>LESLIE D. GRADET, ,<br>      Defendants | *<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*

## **MEMORANDUM**

Plaintiff brings this self- represented action against the State of Maryland, Circuit Court for Baltimore City, Maryland Court of Special Appeals, City of Baltimore, private attorneys Daniel Ginsburg, Arthur M. Frank and the law firm of Bennett & Bair, former Baltimore City State's Attorney Patricia C. Jessemy, Baltimore City Circuit Court Judge Allen L. Schwait, former Assistant State's Attorney Twilla Driggins, Emanuel Brown, Clerks of the Baltimore City Circuit Court and Maryland Court of Special Appeals Frank M. Conaway and Leslie D. Graddet.  ECF No. 1.  He asserts jurisdiction under 42 U.S.C. § 1983.

Plaintiff states that he was charged with attempted murder of Michael Langley and Joseph Manson and lesser included offenses by way of indictment in Case Numbers 101068048 and

101164003.  He states he was also charged with conspiracy to murder Michael Langley and Joseph Manson in indictments 101068050 and 101164005.  He indicates he was represented by private attorney Arthur M. Frank.  Judge Schwait presided over his trial which was prosecuted by former Assistant State's Attorney Twilla Driggins.  ECF No. 1.

Plaintiff states that during sentencing, the presiding judge failed to impose penalties orally or pronounce a guilty verdict for any of the charges within indictment numbers 101068048, 101068050, 101164003, and 101164005.  He states that silence on these case numbers amounted to an acquittal and prohibited him from being incarcerated as a result.  Plaintiff states that Judge. Schwait made it clear that plaintiff was found guilty and sentenced on case numbers 101064603 and 101068648.  Plaintiff states that "at no point in time was [he] ever charged or indicted under any of the indicment/case numbers orally pronounced by the sentencing court/Judge Allen L. Schwait." *Id.*

Plaintiff states Frank M. Conaway, Clerk for the Circuit Court for Baltimore City inaccurately recorded plaintiff's judgment when he substituted case numbers in recording the verdict.  *Id*.  Plaintiff indicates he has filed several motions in order to correct the alleged error but has been unsuccessful in each endeavor.  *Id*.  In sum, plaintiff states that his judgment and commitment are illegal.  He seeks damages as well as his release from confinement.  *Id*.

Preliminarily, the court addresses plaintiff's motion for recusal contained within a letter accompanying his complaint. ECF No. 1. Regarding the request for disqualification, 28 U.S.C. § 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding," and 28 U.S.C. §455 (a)

2

provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned."

To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1996). In other words, it must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant,* 158 F. 3d 786, 781 (4th Cir. 1998). Thus, on their own, prior judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *United Sates v. Lentz,* 524 F. 3d 501, 530 (4th Cir. 2008) (citing *Liteky v. United States,* 510 U.S. 540, 550 (1994)) (internal quotation marks omitted). Moreover, opinions formed by the judge during the current proceeding, or a prior one, do not generally warrant recusal. *Id.* A judge is neither required to recuse herself "simply because of unsupported, irrational or highly tenuous speculation," nor "simply because he possesses some tangential relationship to proceedings." *United States v. Cherry,* 330 F. 3d 658, 665 (4th Cir. 2003) (internal citation omitted).

Finally, the judge against whom the affidavit was filed may rule on its legal sufficiency. *See Marty's Floor Covering Co., Inc. v. GAF Corp.* 604 F.2d 266, 268 (4th Cir. 1979) (internal citation omitted). The affidavit shall be construed "strictly against the movant to prevent abuse." *U.S. v. Miller*, 355 F. Supp.2d 404, 405 (D. D.C. 2005). Plaintiff has failed to file an affidavit in the instant case. Moreover, his claims do not support an inference of bias nor otherwise demonstrate a need for recusal. Accordingly, the motion for recusal shall be denied.

Plaintiff has filed a motion for leave to proceed in forma pauperis (ECF No. 2) which shall be granted. Upon review of the complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*,

3

64 F.3d 951 (4th Cir. 1995).

Plaintiff's claims for the allegedly unlawful actions of state court personnel must be dismissed because plaintiff's convictions remain intact. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). In other words, a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id*. Plaintiff has failed to demonstrate that his conviction has been reversed, expunged or invalidated.[1]

Additionally, defendant's claims against the State of Maryland, Circuit Court for Baltimore City, and Maryland Court of Special Appeals may not proceed. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, plaintiff's complaint against the State of Maryland, Circuit Court for Baltimore City, and Maryland Court of Special Appeals is barred by the Eleventh Amendment.

Additionally, the defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800,

---

[1] To the extent plaintiff claims that there were constitutional deficiencies in his state court criminal proceedings, he is free to file a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254. The court is mindful that plaintiff's previous efforts to file such a petition were dismissed as untimely. *See Fishback v. Shearin*, JFM-10-2476 (D. Md.).

807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

Although the Supreme Court of the United States has held that judicial immunity does not extend to injunctive relief, *Pulliam v. Allen,* 466 U.S. 522, 536-543 (1984), Congress amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Based on this amendment, courts have held that

§ 1983 limits the type of relief available to plaintiffs who sue judicial officers to declaratory relief. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.2000); *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003).

A review of plaintiff's allegations against Judge Schwait does not compel the conclusion that the judge acted in clear absence of jurisdiction. Rather, plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this pro se litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge. Because judicial immunity precludes the plaintiff's recovery against Judge Schwait, sua sponte dismissal of plaintiff's claims against the judge is appropriate.

Similarly, plaintiff's complaint against former State's Attorney Patricia C. Jessemy, and former Assistant State's Attorney Twilla Driggins are subject to dismissal. The plaintiff asserts that the defendants violated his constitutional rights during the prosecution of his criminal case. Prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997). Here, the alleged conduct is clearly "intimately associated with the judicial phase of the criminal process" and is thus entitled to absolute prosecutorial immunity. *Imbler*, 424 U.S. at 430. For this reason, plaintiff's claims against defendants Jessemy and Driggins are subject to dismissal.

Plaintiff's complaint against private attorneys Daniel Ginsburg, Arthur M. Frank, Gary Bari, and the law firm of Bennett & Bair is also subject to dismissal. Two elements are essential to

6

sustain an action under 42 U.S. C. § 1983.  Specifically, plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See *Deas v. Potts,* 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir.1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).  Because there is no allegation that defendants Ginsburg, Frank, Bair, and the law firm of Bennett & Bair were acting under color of law the claims against them shall be dismissed.

Plaintiff's complaint against Baltimore City and Emanuel Brown are also subject to dismissal as plaintiff has failed to allege any conduct on the part of these defendants which deprived him of his constitutional rights.  Rather, these parties are merely named in the caption of the complaint.  In addition, any § 1983 claims against Frank Conaway, insofar as they involve alleged wrongful actions of a court clerk occurring "within the judicial process," are barred by the doctrine of quasi-judicial immunity under *Fleming v. Asbill,* 42 F.3d 886, 889 (4th Cir.1994).

A separate Order shall be entered reflecting the ruling set forth herein.


  April 4, 2012                                       /s/
Date                                               J. Frederick Motz
                                                   United States District Judge